LINKS: 12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK M. WEYER and TROY K JAHAVER,<br><br>Plaintiffs,<br><br>v.<br><br>MYSPACE, INC. and FACEBOOK, INC.<br><br>Defendants. | Case No. 2:10-cv-00499-MRP-FFMx<br><br>ORDER REGARDING MOTION TO DISMISS |

## I.  INTRODUCTION

In this Order, the Court resolves the pending motion to dismiss.  The Court also sets forth detailed requirements for the parties' exchange of infringement and invalidity contentions.

## II.  THE MOTION TO DISMISS

### A. BACKGROUND

Frank M. Weyer and Troy K. Jahaver ("Plaintiffs") filed the original complaint in this action on January 25, 2010 against MySpace, Inc. alleging infringement of U.S. Patent No. 7,644,122 ("the '122 patent").  Docket No. 1.  On February 16, 2010, Plaintiffs filed their First Amended Complaint ("Complaint"), adding Facebook, Inc. as a co-defendant (together with MySpace, Inc., "Defendants").  Docket No. 7.  Defendants filed a motion to dismiss all of Plaintiffs' claims.  Docket No. 12.

### B. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).  "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Therefore, the law of the regional circuit applies.  *Id.*

### 1. Direct Infringement

Federal Rule of Civil Procedure 8(a)(2) governs pleading requirements and states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which the Supreme Court interprets to require a showing of facial plausibility.  Fed. R. Civ. P. 8(a)(2); *see Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  By contrast, Form 18, which is appended to the Federal Rules of Civil Procedure and is entitled "Complaint for Patent Infringement," provides an example for alleging patent infringement that requires little more than a conclusory statement that the defendant infringed the plaintiff's patent. The Ninth Circuit has not addressed whether the Supreme Court's new plausibility standard applies to claims under patent law.  However, several other courts have weighed in on this issue.

The Federal Circuit in *McZeal*, applying Fifth Circuit law, held that under *Twombly*,[1] a plaintiff asserting a direct patent infringement claim "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357.  The Federal Circuit relied on what was then Form 16, now Form 18, which sets forth conclusory allegations of direct patent infringement as sufficient to meet the pleading requirements.  *See id.* at 1356-57.  Writing separately in *McZeal*, Judge Dyk explained that although the requirements of *Twombly* plainly apply outside the antitrust context and applied to McZeal, because Federal Rule of Civil Procedure 84 requires a court to accept as sufficient any pleading made in conformance to the Forms, a court must find a bare allegation of direct infringement in accordance with Form 16, now Form

---

[1] After the *McZeal* decision, the Supreme Court issued its opinion in *Iqbal*, which further emphasized that a claim must be plausible on its face.  129 S. Ct. at 1949-50.

18, sufficient under Rule 8(a)(2) to state a claim.  *Id.* at 1360-62; *see Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009) (attempting to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*).

Some district courts have concluded similarly that while the Court otherwise must apply the plausibility standard of *Twombly* and *Iqbal* to patent claims and counterclaims, for allegations of direct infringement, pleading in conformance with Form 18 is sufficient.  *See, e.g.*, *Elan Microelectronics, supra*, 2009 WL 2972374 (holding claims of indirect infringement must meet the plausibility standard); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010).  Other district courts have concluded *Iqbal* controls all claims in patent litigation and require plaintiffs alleging direct infringement, to "include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010).  *See, e.g., Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding *Twombly*'s plausibility standard applies to pleadings in patent infringement actions, including claims, counterclaims, cross-claims, third party claims and separate affirmative defenses); *Li Ming Tseng v. Marukai Corp. U.S.A.*, No. SACV 09-0968 AG (RNBx), 2009 WL 3841933, at *1 (C.D. Cal. Nov. 13, 2009) (applying plausibility standard to direct infringement allegations and dismissing patent infringement claim for failing to state a claim).

This Court agrees with the Federal Circuit and those district courts that have held that a party alleging direct infringement need only comply with Form 18.  A patentee "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357.  This Court additionally reasons that minimal pleading of direct infringement is sufficient because this Court requires the prompt filing

of infringement contentions, which put the party accused of infringement on detailed notice of the basis for the allegations against it.

### 2. Indirect or Willful Infringement

The Federal Rules of Civil Procedure do not provide a form for claims of indirect infringement or willful infringement. *See Elan*, 2009 WL 2972374 at *2; *Sharafabadi v. University of Idaho*, No. C09-1043JLR, 2009 WL 4432367, at *3 (W.D. Wash. Nov. 27, 2009). Because Form 18 does not model patent claims and counterclaims other than claims of direct infringement, Rule 84 will not require a court to accept as sufficient other claims. *Elan*, 2009 WL 2972374 at *2; *Halton Co. v. Streivor, Inc.*, No. C 10-00655, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010). Therefore, this Court agrees with those district courts that have held that claims of indirect and willful infringement must be pleaded subject to the requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court in *Twombly* and *Iqbal*. Thus, to survive the motion to dismiss, the claims for indirect and willful infringement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

## C. DISCUSSION

### 1. Direct Infringement Claims

Defendants argue that the claims of direct infringement do not meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court in *Twombly* and *Iqbal* interpreted Rule 8(a)(2) to require that claims meet the plausibility standard. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This Court does not require claims of direct infringement to meet the pleading standards of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal* because Form 18 provides a form "Complaint for Patent Infringement" for direct infringement claims and Rule 84 requires a court to accept as

1  sufficient any pleading made in conformance to the Forms.  *McZeal*, 501 F.3d at 1360-
2  62; *see Elan*, 2009 WL 2972374 at *2.
3    Defendants argue that Plaintiffs have not sufficiently identified the activity that
4  allegedly infringes the '122 patent.  Defendants argue Plaintiffs merely allege
5  infringement via the website domain for Defendants' internet business without describing
6  the allegedly infringing activities undertaken by that internet business.  The Court
7  evaluates whether Plaintiffs' allegations have at least as much detail as Form 18 in
8  deciding whether Rule 84 will require the Court to accept the pleadings as sufficient.  The
9  example of infringement allegations in Form 18 is as follows: "The defendant has
10 infringed and is still infringing the Letters Patent by making, selling, and using <u>electric
11 motors</u> that embody the patented invention, and the defendant will continue to do so
12 unless enjoined by this court."  In its Complaint, Plaintiffs allege "Defendant
13 [MySpace/Facebook] has infringed, and continues to infringe, the '122 patent directly,
14 contributorily, and by active inducement pursuant to 35 U.S.C. § 271 by practicing the
15 claimed invention without consent of Plaintiffs via [MySpace's/Facebook's] website at
16 [www.myspace.com/www.facebook.com and www.fb.me]."  Complaint ¶¶ 12-13.  The
17 allegation that MySpace and Facebook are infringing "by practicing the claimed
18 invention . . . via www.myspace.com" and "via www.facebook.com and www.fb.me" is
19 substantially similar to the Form 18 allegation that the defendant is infringing by
20 "making, selling, and using electric motors."  Form 18 does not specify any more detailed
21 examples of infringing activity.  The Court therefore finds that Plaintiffs' pleading of the
22 allegedly infringing activity conforms with Form 18 such that this Court must accept the
23 pleading as sufficient due to Rule 84.
24   Defendants also argue that Plaintiffs have not sufficiently identified the products
25 that allegedly infringe the '122 patent.  Defendants argue that there are a multitude of
26 products that can be accessed from their website domains.  The Court's reading of Form
27 18 is that a general statement of the product is sufficient.  Form 18 does not specify the
28 model(s) or product number(s) of any infringing "electric motors."  Plaintiffs' general

1  statement of the product as practiced "via www.myspace.com" and "via
2  www.facebook.com and www.fb.me" is substantially similar to the pleading in Form 18.
3  The Court therefore finds that Plaintiffs' pleading of the allegedly infringing product
4  conforms with Form 18 such that this Court must accept the pleading as sufficient due to
5  Rule 84.  Furthermore, this Court will require Plaintiffs to file infringement contentions
6  that will give Defendants full and fair notice of the allegedly infringing activities and
7  infringing products.  An explanation of the infringement contention requirements of this
8  Court are detailed below.  The Court **DENIES** Defendants' motion to dismiss Plaintiffs'
9  direct infringement claims.  Given the above discussion, the Court declines to address the
10 relevance of Plaintiffs' preliminary claim charts provided to Defendants.

**2. Indirect Infringement and Willful Infringement Claims**

12     Defendants also argue that the claims of indirect and willful infringement do not
13 meet the requirements of Rule 8(a)(2).  Because Form 18 does not provide a model for
14 indirect or willful infringement claims, the Court is not required by Rule 84 to accept
15 conclusory allegations as sufficient.  *Elan*, 2009 WL 2972374 at *2; *Halton*, 2010 WL
16 2077203 at *3.  Therefore, the Court does require claims of indirect and willful
17 infringement to be pleaded in accordance with the requirements of Rule 8(a)(2) as
18 interpreted by *Twombly* and *Iqbal*.
19     Plaintiffs have failed to allege *any* facts to support their claim of indirect and
20 willful infringement.  *See* Complaint.  To properly plead contributory infringement,
21 Plaintiffs must allege knowledge of infringement and a lack of substantial noninfringing
22 uses for the allegedly infringing product or process.  *BMC Res., Inc. v. Paymentech, L.P.*,
23 498 F.3d 1373, 1381 (Fed. Cir. 2007); 35 U.S.C. § 271.  To properly plead inducement,
24 Plaintiffs must allege direct infringement[2] and specific intent to encourage another's
25 infringement.  *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312

---

[2] As discussed above, Plaintiffs have adequately pleaded their claim of direct infringement.  Plaintiffs, however, do not allege any facts that support their claim that Defendants have specific intent to encourage another's infringement.

-6-

(Fed. Cir. 2007); *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C 09-03524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010). To properly plead willful infringement, the patentee must allege that the accused infringer had knowledge of the patent and recklessly disregarded the possibility that certain conduct was infringing. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370-71 (Fed. Cir. 2007). Because Plaintiffs fail to allege *any* facts (other than in relation to allegations of direct infringement) to support their claim of indirect and willful infringement, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' indirect and willful infringement claims without prejudice.

### III. INFRINGEMENT AND INVALIDITY CONTENTIONS

After the Defendants submit their Answer in this case, the Court will schedule an Initial Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b). The Court **ORDERS** the parties to comply with the following requirements:

When the parties confer pursuant to Rule 26, the parties shall additionally discuss and address in the Case Management Statement filed pursuant to Rule 26 and the Local Rules of this Court:

(A) the scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court;

(B) the format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing;

(C) how the parties intend to educate the Court on the technology at issue; and

(D) how the parties intend to manage Summary Judgment motions following the Claim Construction Hearing.

Not later than 14 days after the Initial Case Management Conference, the party claiming patent infringement, shall serve on all parties a "Disclosure of Asserted Claims

and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

    (A)  each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

    (B)  separately for each asserted claim, specific apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware;

    (C)  a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including the corresponding function under 35 U.S.C. §1126 where applicable;

    (D)  for each claim which is alleged to have been indirectly infringed, an identification of the direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement;

    (E)  whether the claim is alleged to be literally present or present under the doctrine of equivalents in each Accused Instrumentality;

    (F)  the priority date to which each asserted claim allegedly is entitled if the patent claims priority to an earlier application; and

    (G)  if a party claiming patent infringement alleges willful infringement, the basis for such allegation.

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement, shall produce to each opposing party or make available for inspection and copying:

    (A)  a copy of the file history for each patent in suit;

    (B)  all documents evidencing ownership of the patent rights by the party asserting patent infringement; and

1       (C) the status of any post-issuance proceedings involving each patent in suit, including reexaminations, interferences, appeals from the Board of Patent Appeals and Interferences to the Court of Appeals for the Federal Circuit, and district court litigations including prior claim constructions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party asserting a claim of patent invalidity shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

       (A) which section of 35 U.S.C. §102 and/or 103 that allegedly renders each claim of each patent that is allegedly invalid;

       (B) the reason why each claim is allegedly invalid, including identification of any prior use, prior sale, each item of prior art that allegedly anticipates each asserted claim or renders it obvious, abandonment of the invention, or other reason why the claim is invalid;

       (C) if obviousness is alleged, an explanation of why the prior art renders each claim alleged to be invalid obvious, including an identification of any combinations of prior art showing obviousness;

       (D) a chart identifying where specifically in each item of prior art each limitation of each claim alleged to be invalid is found;

       (E) any grounds of invalidity based on 35 U.S.C. §101 for each claim alleged to be invalid; and

       (F) any grounds of invalidity based on 35 U.S.C. §112 for each claim alleged to be invalid.

With the "Invalidity Contentions," the party or parties claiming invalidity shall produce or make available for inspection and copying:

(A)  a copy or sample of the prior art identified in the "Invalidity Contentions" which does not appear in the file history of the patent at issue; and

(B)  documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Infringement Contentions."

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** in part and **GRANTS** in part the pending motion to dismiss.  The hearing scheduled for the motion to dismiss is **VACATED**.  The parties are further **ORDERED** to serve infringement and invalidity contentions in strict compliance with the Court's directions in this Order.

**IT IS SO ORDERED.**

DATED:  June 17, 2010

_____
Hon. Mariana R. Pfaelzer
United States District Judge